UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv010-FDW

| TROY DOUGLAS LAIL, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) ORDER |
| SUSAN WHITE, Superintendent, Alexander Correctional Institution, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on initial review of Petitioner Troy Douglas Lail's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I. BACKGROUND**

On May 29, 2009, Petitioner pled guilty in Gaston County Superior Court to Assault with a Deadly Weapon, Fleeing to Elude Arrest, Driving While License Revoked, Failure to Heed a Blue Light or Siren, Reckless Driving, and Common Law Robbery. (Pet. 5, Doc. No. 1.)[1] He was sentenced to an active prison term of 135 to 171 months. (Pet., supra.) According to his habeas petition, Petitioner did not file a direct appeal. (Pet., supra, at 6.)

On September 9, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Gaston County Superior Court. (Order Den. MAR, Pet., supra, at 43.) The MAR was denied without a hearing on September 23, 2014. (Order Den. MAR, supra.) Petitioner sought discretionary review of the superior court's decision by filing a petition for writ of certiorari in the North Carolina Court of Appeals, which was denied on December, 17, 2014. (Order Den.

---

[1] Unless otherwise noted, the page numbers cited for court documents are those generated by CM/ECF, the district court's electronic filing system.

1

Pet. for Writ of Cert., Pet., supra, at 68.) Petitioner filed the instant § 2254 petition in federal district court on January 8, 2015.

II.     **STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

III.    **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in this case on or about May 29, 2009. Petitioner then had fourteen (14) days to file a direct appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). His convictions became final on or about June 12, 2009, when the time for seeking direct review expired. See § 2244(d)(1)(A). The federal statute of limitations then proceeded to run for 365 days until it fully expired on or about June 14, 2010[3], more than four and a half years before Petitioner filed the instant habeas petition.

In addressing the timeliness issue, Petitioner argues that:

> [t]he State of North Carolina has no statute of limitations when [sic] a defendant has to file any post-conviction petitions. Nor does this State limit the number of

---
[2] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which apply here.
[3] June 12, 2010 fell on a Saturday.

> filings, that would limit any post-conviction petition. Since the State of North Carolina has no filing requirement, and is not prejudiced by filing this 1st writ of habeas [corpus], this Honorable Court should allow the petition to be filed.

(Pet. 17, Doc. No. 1.) Petitioner's argument conflates direct and post-conviction review.

Under § 2244(d)(1)(A), the federal statute of limitations begins to run from the date on which a conviction became final. A conviction becomes final at the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A). The State of North Carolina sets the rules, by statute and/or appellate procedure, governing direct review of judgments and orders of superior and district courts in criminal actions cases. See e.g., N.C. Gen. Stat. §§ 15A-1431 and -1432 (governing appeals from district court to superior court); N.C. R. App. P. 4.

An MAR is a collateral attack on a conviction and/or sentence; it is not part of direct review under North Carolina law. See § 15A-1413. While it is true that in most cases there is no state statute of limitations requiring that an MAR be filed by a certain time, see § 15A-1415, a would-be federal habeas petitioner must still comply with the federal statute of limitations. A properly filed MAR, therefore, will toll the federal statute of limitations, see § 2244(d)(2), only if the MAR is filed before the statute of limitations has expired, see Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000).

Here, the federal statute of limitations expired more than four years before Petitioner filed his MAR in the state superior court. Thus, Petitioner's habeas petition is time-barred and must be dismissed unless Petitioner can demonstrate that he is entitled to equitable tolling. See, e.g., Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (The Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court

that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).") Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

The record shows no extraordinary circumstance or reasonable diligence on the part of Petitioner in pursuing his rights in state or federal court. As such, he is not entitled to equitable tolling, and his petition will be dismissed as untimely.[4]

**IV.    ORDER**

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus, Doc. No 1, is **DISMISSED** as untimely.

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

---

[4] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue in his § 2254 petition. (Pet. 17, Doc No. 1.)

4

debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: April 9, 2015

Frank D. Whitney
Chief United States District Judge